## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

WILLIAM EARL ARNOLD, #1321103,

        Petitioner,

v.                                  ACTION NO.  2:14cv624

HAROLD CLARKE,
Director, VDOC,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## AMENDED REPORT AND RECOMMENDATION[1]

      This matter is before the Court on William Earl Arnold's ("petitioner") *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the respondent's motion to dismiss, ECF No. 11. This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court RECOMMENDS that respondent's motion to dismiss, ECF No. 11, be GRANTED, and the petition for writ of habeas corpus, ECF No. 1, be DENIED and DISMISSED WITH PREJUDICE.

---

[1] The original version of the report and recommendation indicated that it was signed on "**November 10, 2014.**" The only difference between this amended report and recommendation and the original is that the date accompanying the signature block has been changed. Any party may serve upon the other party and file with the Clerk written objections to the amended report and recommendation within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.

## I. STATEMENT OF THE CASE

Petitioner remains in state custody pursuant to the final order of the Circuit Court of Virginia Beach ("trial court"). On November 3, 2011, and following a trial, the trial court sentenced petitioner for one count of robbery with the use of a gun to ten years in prison, and for one count of use of a firearm in the commission of a felony to three years in prison. *Commonwealth v. Arnold*, No. CR07-4999 (Va. Cir. Ct. Nov. 3, 2011). Petitioner directly appealed his conviction and sentence, which the Virginia Court of Appeals denied on June 7, 2012, *Arnold v. Commonwealth*, Record No. 2315-11-1 (Va. Ct. App. June 7, 2012), and the Supreme Court of Virginia refused on October 26, 2012, *Arnold v. Commonwealth*, Record No. 121039 (Va. Oct. 26, 2012). Subsequently, on October 16, 2013, petitioner filed a petition for a writ of habeas corpus in the trial court, which was dismissed on April 22, 2014. *Commonwealth v. Arnold*, No. CL13-5571 (Va. Cir. Ct. Apr. 22, 2014). The Supreme Court of Virginia refused petitioner's petition for appeal on November 18, 2014. *Arnold v. Commonwealth*, Record No. 141161 (Va. Nov. 18, 2014). Petitioner then filed this federal petition for a writ of habeas corpus, his first, on December 1, 2014, asserting that counsel provided ineffective assistance by:

> a. Failing to move to suppress illegally obtained evidence of the red shirt and shorts that were retrieved from his hotel room in violation of his Fourth Amendment rights, and
>
> b. Failing to "impeach the fabricated testimony" of various witnesses for the Commonwealth.

*See* ECF No. 1-1. On April 8, 2015, respondent filed a Rule 5 answer and motion to dismiss the petition. ECF Nos. 11, 12. On May 7, 2015, petitioner replied to respondent's motion to dismiss. ECF No. 17. In his reply, petitioner concedes that his second claim should be

dismissed.[2]  ECF No. 17 at 4.  Accordingly, this matter is ripe for review, and the Court will address only petitioner's first claim.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Facts of the Case

According to the Virginia Court of Appeals, the facts of petitioner's case are as follows:

[D]uring the early morning hours on August 23, 2007, Jonathan Shumate was working as a pizza delivery driver.  He made his last delivery for the night and as he walked back to his car, a man approached him, displayed a weapon, and demanded money.  Shumate surrendered his money.  The robber fled behind the motel where Shumate had just delivered the pizza.  Shumate contacted the police and provided a description of the man who robbed him.  Later that day, Shumate identified [petitioner] as the robber from a photo array.  At trial, Shumate again identified his assailant as [petitioner].

Tracey Green worked at the motel the night of the robbery.  She testified [petitioner] was staying in a room at the motel with a woman.  The jury viewed a video surveillance tape from the motel lobby depicting [petitioner] making a telephone call and wearing the clothes Shumate described the robber as having worn.

When the police searched the room in which [petitioner] had been staying, they located clothes that matched the description of the clothes the robber wore.

When confronted by the police, [petitioner] initially claimed he was wearing different clothes that night.  However, he later admitted he was wearing the clothes he was seen in in the surveillance video.

*Arnold v. Commonwealth*, Record No. 2315-11-1 (Va. Ct. App. June 7, 2012).

---

[2]  Petitioner explains that he mistakenly determined where and by whom the victim was interviewed.  ECF No. 17 at 4.  In his petition, petitioner argued that counsel "failed to probe and expose vital inconsistencies in the testimony of the Commonwealth's witnesses in reference to the location and interviewing of the alleged victim after the alleged robbery occurred."  ECF No. 1-1 at 10.  The record establishes that no inconsistencies exist, and the victim was interviewed by the police at the victim's place of employment, as well as by the detective at the crime scene.  ECF No. 13 at 6; ECF No. 17 at 4.

### B. Standards of Review

#### 1. Statute of Limitations

Petitioner timely filed his petition with this Court before the applicable statute of limitations deadline passed. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), section 2254 petitioners are subject to a one-year statute of limitations, which begins to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1). This time period tolls when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). The time period in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Petitioner's conviction became final on January 24, 2013, ninety days after the Supreme Court of Virginia refused his direct appeal on October 26, 2012, and the time to appeal that order to the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Under section 2254, petitioner had until January 24, 2014 to file his habeas petition in this Court. However, the limitations period was statutorily tolled from October 16, 2013, the date when petitioner filed his state habeas petition in the trial court, to November 18, 2014, when the Supreme Court of Virginia dismissed his petition, or 398 days. *Lawrence v. Florida*, 549 U.S. 327, 334-36 (2007) (holding that petitioner was not entitled to tolling for the additional ninety days to file a petition for writ of certiorari to the United States Supreme Court following state collateral review). In petitioner's case, therefore, the statute of

4

limitations expired on February 26, 2015. Petitioner filed his habeas petition in this Court on December 1, 2014, well within the one-year statute of limitations prescribed by AEDPA.

### 2. Exhaustion of Claims in State Court

Section 2254 petitions challenge a state's custody of a prisoner on the theory that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). However, before the Court may reach the merits of the petition, all grounds must be exhausted. 28 U.S.C. § 2254(b); *see also Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Exhaustion requires the petitioner to present the same "essential legal theories and factual allegations advanced in federal court" first to the highest state court. *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991) (citing *Johnson v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). This requirement may be achieved through direct appeal or post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper*, 130 F.3d at 610 n.4. Petitioner properly exhausted his claims before the Virginia Supreme Court. *Arnold v. Commonwealth*, Record No. 141161 (Va. Nov. 18, 2014).

### 3. Deference to State Court Decisions

In a detailed order, the trial court denied and dismissed petitioner's state habeas petition. *Commonwealth v. Arnold*, No. CL13-5571 (Va. Cir. Ct. Apr. 22, 2014). The Supreme Court of Virginia subsequently affirmed this decision and refused petitioner's petition for appeal. *Arnold v. Commonwealth*, Record No. 141161 (Va. Nov. 18, 2014). This constitutes an adjudication on the merits, and the parties do not appear to dispute this characterization. Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Id.* at 413. Ultimately, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89. The Court must focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

### 4. Ineffective Assistance of Counsel

To review ineffective assistance of counsel claims, the Court must apply "a doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, __ U.S. __, 134 S. Ct. 10, 13 (2013) (quotation omitted). The applicable standard set forth in *Strickland* requires petitioner to show that his defense counsel provided assistance that (1) fell below an objective standard of reasonableness and (2) prejudiced petitioner as a result. *Strickland v. Washington*, 446 U.S. 668, 700 (1984). To establish that counsel's performance fell below an objective standard of reasonableness, petitioner must show

6

"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  In doing so, petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  To establish prejudice, petitioner must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  This requires petitioner to establish "probability sufficient to undermine confidence in the outcome," rather than a mere showing that "the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693-94.  Because petitioner presents these claims in a petition for federal habeas review under section 2254, he must show that the state court's dismissal of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, the *Strickland* standard. 28 U.S.C. § 2254.

## C. Analysis of Claim I — Failure to Move to Suppress Evidence

In claim I, petitioner alleges that he was denied effective assistance of counsel because his attorney did not move to suppress evidence that petitioner alleges was illegally seized from his hotel room. ECF No. 1-1 at 6.  According to petitioner, officers did not, in fact, have the consent of his girlfriend,[3] Sonya Stanford ("Stanford"), to enter his hotel room, where officers found the incriminating clothes.  The trial court found that this claim failed both prongs of the *Strickland* test.  The trial court noted that "police officers entered the room after petitioner's [girlfriend] gave them consent to do so" and had previously "confirmed that she was a registered occupant of the room." *Commonwealth v. Arnold*, No. CL13-5571 (Va. Cir. Ct. Apr. 22, 2014). Accordingly, a reasonable person would believe that "she had either actual or apparent authority

---

[3] While petitioner refers to Stanford as his "common law wife," the record suggests that Sonya Stanford was petitioner's girlfriend, not his wife. ECF No. 1-2 at 5.

to consent to a search of the room." *Commonwealth v. Arnold*, No. CL13-5571 (Va. Cir. Ct. Apr. 22, 2014).

The court must defer to the state court's holding, which was not contrary to, or an unreasonable application of, the *Strickland* standard or based upon an unreasonable determination of the facts. Petitioner has failed to show that his attorney's conduct fell below an objective standard of reasonableness. The United States Supreme Court has declared it "well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (citations omitted). Individuals with the power to consent to a warrantless search include "the householder against whom evidence is sought or a fellow occupant who shares common authority over property, when the suspect is absent," and even "a co-occupant whom the police reasonably, but erroneously, believe to possess shared authority as an occupant." *Georgia v. Randolph*, 547 U.S. 103, 109 (2006) (citations omitted). In order to defeat the consent of a co-occupant, "the defendant must be both 'present and objecting.'" *United States v. Shrader*, 675 F.3d 300, 306 (4th Cir. 2012) (citing *Randolph*, 547 U.S. at 114). In other words, the defendant must be "'standing at the door and expressly refusing consent' at the time the police solicit entry from the cotenant." *Id.* The Court has explained that this principle exists because "co-habitants have joint access or control for most purposes and therefore have the right to permit the inspection as their own right." *United States v. Hylton*, 349 F.3d 781, 785 (4th Cir. 2003). Petitioner correctly asserts that the government bears the burden to show that valid consent to a search was given. *See United States v. Buckner*, 473 F.3d 551, 554 (4th Cir. 2007). However, the record shows that the government met this burden when the

officer testified under oath that Stanford consented to the search and petitioner did not present a credible conflicting version of events. Trial Tr. Vol. 1, 91-92.

Petitioner presented, in his state habeas action and to this Court, his own affidavit alleging that the officers told Stanford that they had "the right to search the room" and directed her to "stand outside" during the search. ECF No. 1-2 at 5. However, petitioner's self-serving, hearsay affidavit remains insufficient to convince the Court that counsel was unreasonable in not filing a motion to suppress because petitioner possesses no personal knowledge of the conversation between Stanford and the officer. As noted in the affidavit, he reportedly "went [out] to go get a pack of cigarettes" at the time the conversation between Stanford and the officer took place. ECF No. 1-2 at 5. Furthermore, while petitioner argues that the officer's testimony is insufficient because "no evidence was presented to corroborate the officer's testimony in court," such corroboration is unnecessary to convince the Court that petitioner's counsel acted reasonably in not moving to suppress the evidence. Given the officer's undisputed testimony that Stanford consented to the search, any motion to suppress would likely have been futile. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); *see also United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014) ("Attorneys exist to exercise professional judgment, which often involves setting priorities."). Counsel's choice to refrain from filing a motion to suppress was not objectively unreasonable.

Moreover, even if petitioner could show that his attorney's conduct fell below an objective standard of reasonableness, he cannot show any resulting prejudice. Petitioner suggests that his attorney's conduct fell below an objective standard of reasonableness because Stanford was not called as a witness to testify that she did not give voluntary consent. ECF No.

17 at 2-3. However, petitioner has not established "probability sufficient to undermine confidence in the outcome" that Stanford's testimony would have changed the outcome of the proceeding or even that Stanford would have testified that she did not give the officers voluntary consent to search the hotel room. *Strickland*, 446 U.S. at 693-94. Petitioner asserts that he continues to look for Stanford "in order to obtain the affidavit which would show that she in fact did not give consent to the police." ECF No. 17 at 4. If petitioner obtained such an affidavit from Stanford, he still faces many hurdles because "AEDPA's statutory scheme is designed to strongly discourage" prisoners from submitting new evidence in federal court. *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1401 (2011); *see also Porter v. Davis*, No. 3:12–CV– 550–JRS, 2014 WL 4182677, at *10 (E.D. Va. Aug. 21, 2014) ("[S]tate habeas court findings are presumptively correct under 28 U.S.C. § 2254(d) and federal courts in habeas proceedings must not disturb the findings of state courts unless the federal habeas court finds that there is convincing evidence undercutting the state court finding."). In any event, petitioner has not supplied such an affidavit to the Court. Petitioner merely asserts that he is attempting to obtain the affidavit, but he does not present any evidence that the affidavit would support his petition, aside from his own unsupported statements that "the affidavit would show that [Stanford] in fact did not give consent to the police." ECF No. 17 at 4. Accordingly, petitioner's attempts to obtain the affidavit do not convince the Court that the result of the proceeding would have been different had his counsel called Stanford as a witness or moved to suppress the evidence.

Moreover, petitioner cannot show prejudice because, even if the evidence seized from the hotel room had been suppressed, ample other evidence established that petitioner was the perpetrator of the robbery. After Shumate observed petitioner during the robbery, Shumate accurately described petitioner's appearance to police, identified him during a photographic

10

lineup, and identified him again at trial. *Arnold v. Commonwealth*, Record No. 2315-11-1 (Va. Ct. App. June 7, 2012). Furthermore, a hotel employee testified that petitioner was staying at the motel where the robbery occurred. *Id.* Lastly, a video surveillance tape captured petitioner making a phone call in the motel lobby while wearing the clothes Shumate testified that the robber had worn. *Id.* Petitioner eventually admitted that, on the night of the robbery, he was wearing the same clothes as those seen on the video surveillance tape. *Id.* In light of the overwhelming evidence indicating that petitioner committed the robbery, the Court is not persuaded that the result of the proceeding would have been different had his counsel called Stanford as a witness or moved to suppress the evidence.

In sum, the state habeas court did not unreasonably apply the *Strickland* standard, make a decision contrary to the *Strickland* standard, or make an unreasonable factual determination. While petitioner argues that an evidentiary hearing is necessary to determine whether Stanford's consent was truly voluntary, such a hearing is unnecessary. The Court can decide the matter based on the record and, accordingly, DENIES petitioner's request for a hearing.

## III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that respondent's motion to dismiss, ECF No. 11, be GRANTED, and the petition for writ of habeas corpus, ECF No. 1, be DENIED and DISMISSED WITH PREJUDICE.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing

of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/

**Robert J. Krask**
**United States Magistrate Judge**

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 2, 2015

12

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing amended report and recommendation was mailed this date to the

following:

William Earl Arnold
1321103
Deerfield Correctional Center
21360 Deerfield Dr
Capron, VA 23829

Fernando Galindo, Clerk

By _____

Deputy Clerk
December 2, 2015

13